IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

DANIEL L. ANTHIS,
Plaintiff,

vs.

JO ANN B. BARNHART, Commissioner of Social Security,
Defendant.

Case No. 02-1085-JTM

MEMORANDUM AND ORDER

This matter is before the court on the plaintiff Daniel Anthis's amended application for attorney fees. Counsel for Anthis has obtained three separate orders in three separate cases (No. 92-1533-FGT (April 4, 1995), No. 99-1223-WEB (December 6, 2000), and this action, No. 02-1085-JTM (November 9, 2002) reversing or remanding the decisions of the Commissioner rejecting Anthis's claims for disability insurance benefits and supplemental security income. In the last order, the court directed an award of benefits with an onset date of October 20, 1989. On January 28, 2003, the court granted Anthis's motion for attorney fees under the Equal Access to Justice Act (EAJA) fees in the amount of $4,195.16.

On remand, Anthis was awarded $84,408.00 in past due benefits. The agency withheld 25% of this award, and paid Anthis $68,552.70 in August, 2003. In March of 2004, Anthis's child was awarded an additional sum in past due benefits. The agency did not withhold any amount of the award. The current motion for fees (as modified by Dkt. No. 21) requests an

award of attorney fees in the amount of $31,654.00. This represents the amount actually withheld from Anthis's benefits and 25% of the award to the child.

The defendant opposes the requested award on the grounds that the motion is untimely and that the award would be unreasonable. The defendant also states that if an award of fees is granted, the plaintiff should be required to return the smaller EAJA award.

Having reviewed the pleadings, the court finds that plaintiff's motion should be granted. The current motion is not untimely. Counsel states that he discovered the agency's failure to withhold from the child's award immediately prior to the current motion, and that the agency had not given any notice of the award. The agency's notice did not specify whether the award included or did not include any withholding for fees. The court in its discretion finds that, given the circumstances of the case, the delay in requesting the fees was not unreasonable.

Nor does the court find the requested award unreasonably large. The defendant does not offer any substantial argument other than to note that the requested fee, divided by the then documented 82.55 hours of work, would yield an hourly fee of $383.45. Subsequently, Anthis's counsel has supplied documentation of the work he performed in the earlier actions, yielding a total of 111.65 hours, which would translate into an hourly rate of $283.51.

Although this is certainly a substantial fee, the court cannot say that it is unreasonable, given the persistence of counsel in protecting the interests of his client through three federal actions and in ultimately producing a final appeal to this court which provided the basis for the ultimate result, the agreed order directing an award of benefits on remand.

Counsel for Anthis concurs that the prior EAJA awards ($11,474.42) will be refunded in light of an award under § 406(b).

IT IS ACCORDINGLY ORDERED this 9th day of May, 2007 that the plaintiff's Amended Motion for Attorney Fees (Dkt. No. 21) is hereby granted. Plaintiff's original motion (Dkt. No. 20) is denied as moot.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE